MD JS-6

1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11   IN RE REED E. SLATKIN        )   BANKRUPTCY COURT CASE
     and substantively            )   NUMBER
12   consolidated affiliates      )   ND 01-11549 RR
     TOPSIGHT OREGON, INC. and    )
13   REED SLATKIN INVESTMENT      )   ADVERSARY NO. AD03-01132 RR
     CLUB, L.P.                   )
14                                )   DISTRICT COURT CASE
                       Debtor,    )   NUMBER
15                                )   CV 08-4037 RSWL
     ───────────────────────────  )
16   ROBERT RAKOW, an             )
     individual; KAREN RAKOW, an  )   **ORDER**
17   individual; THE HIGHLANDS    )
     GROUP, INC.,                 )
18                                )
19                     Appellant, )
                                  )
20           v.                   )
                                  )
21                                )
     R. TODD NEILSON, Trustee of  )
22   the Chapter 11 Bankruptcy    )
     Estate of Reed E. Slatkin,   )
23                                )
                                  )
24                     Appellee.  )
     ───────────────────────────  )
25

26      This is an appeal from the Bankruptcy Court's

27   denial of Appellants Robert Rakow, Karen Rakow, and

28   the Highlands Group, Inc.'s Motion for Partial Summary

Judgment and granting of Appellee Trustee of the
Chapter 11 Bankruptcy Estate of Reed E. Slatkin, R.
Todd Neilson's Motion for Summary Judgment [1].

On January 22, 2007, the United States Bankruptcy
Court denied Appellants' Motion for Partial Summary
Judgment on the issue of whether Appellants' transfer
of 250,000 shares of BID.COM stock offset supposed
profits.

On April 25, 2008, the United States Bankruptcy
Court granted Summary Judgment for Appellee in the
amount of $3,350,000 plus pre- and post- judgment
interest.   The Bankruptcy Court again rejected the
argument that the BID.COM Stock Transfer offset these
supposed gains.

Having reviewed all papers submitted pertaining to
this Appeal the Court, **NOW FINDS AND RULES AS FOLLOWS:**

## I. BACKGROUND

This case arises out of the bankruptcy proceedings
of Reed E. Slatkin, the perpetrator of a large-scale
Ponzi scheme.   Trustee of the Chapter 11 Bankruptcy
Estate of Reed E. Slatkin, R. Todd Neilson,
("Appellee") sued Appellants Robert and Karen Rakow and
their company, Highlands Group, Inc., (collectively,
"Appellants") to avoid and recover fraudulent and/or
preferential transfers made to Appellants by Slatkin.

Sometime around February 1991, Appellants opened a
purported investment account with Slatkin called the

2

"Highlands Account."   The account was named for a corporation jointly owned by Robert and Karen Rakow.

According to Appellants, when the Highlands Account was first opened, Appellant Robert Rakow was president of Calvin Klein Jeans and drew a salary, thus, he deposited mostly cash into the account.   However, he later left Calvin Klein Jeans and began consulting for other companies.   Instead of cash, he earned stock options.   In 1999, Appellant Robert Rakow transferred 250,000 shares of stock in BID.COM to Slatkin. Therefore, Appellants contend that they used those stock options to invest in what Appellants later learned was a Ponzi scheme.

During the seven years before his bankruptcy, Slatkin transferred $3,350,000 to the Highlands Account in furtherance of his Ponzi scheme  ("Net Highlands Account Transfers").   The Bankruptcy Court awarded Appellee this amount, plus pre-judgment and post-judgment interest, on Summary Judgment of Appellee's First Claim For Relief.

Appellants main issue raised on appeal is whether Appellants can evoke an affirmative defense of "setoff" under 11 U.S.C. § 548 and CAL CIV. CODE § 3439.08(a). Thus, Appellants claim that the 250,000 of transferred BID.COM stock would setoff the $3,350,000 in the Highlands Account.

**II. LEGAL STANDARDS**

    A.  <u>Standard of Review</u>

    District courts have jurisdiction to hear appeals from final judgments, orders, and decrees entered by the Bankruptcy Court.  <u>See</u> 28 U.S.C. § 158(a). District courts review the lower courts' conclusions of law de novo and findings of fact for clear error.  <u>See</u> <u>Nielson v. Chang</u>, 253 F.3d 520, 526 (9th Cir. 2001).

    B.  <u>Summary Judgment</u>

    Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Bankruptcy Rule 7056 applies Rule 56 of the Federal Rules of Civil Procedure to adversary proceedings."  <u>In re Aubrey</u>, 111 B.R. 268, 272 (9th Cir. BAP 1990).

**III. DISCUSSION**

    Appellants raise 5 issues on appeal: (1) the Bankruptcy Court erred when it found that the purchase of 250,000 shares of BID.COM was a so-called special investment; (2) the Bankruptcy Court erred when it held that special investments were separate transactions unrelated to Slatkin's Ponzi scheme; (3) if the special investments are separate transactions, which must be treated as separate from Slatkin's Ponzi scheme, then Appellee did not establish that any particular transfer from Slatkin was part of the Ponzi scheme as opposed to the special investments; (4) the Bankruptcy Court erred

4

in not granting Appellants' Motion for Partial Summary Judgment regarding the BID.COM transaction; and, (5) Appellee has produced no evidence to support a finding of bad faith within the meaning of the fraudulent transfer laws.

    A.   <u>The Bankruptcy Court did not err in granting Appellee's Motion for Summary Judgment.</u>

    The Court finds that the Bankruptcy Court did not err in granting Appellee's Motion for Summary Judgment because the Bankruptcy Court properly applied the "no setoff" rule to this case.  The "no setoff" rule states that a fraudulent conveyance cannot be offset against or exchanged for a general unsecured claim.  <u>See</u> <u>In re Acequia, Inc.</u>, 34 F.3d 800, 817 (9th Cir. 1994).  The Bankruptcy Court properly evaluated the applicable case law and correctly determined that the "no setoff rule" applies to the case at bar.  Accordingly, the Bankruptcy Court correctly held that, as a matter of law, the 250,000 of BID.COM stock could not setoff the $3,350,000 in the Highlands Account and, thus, Appellee's Motion for Summary Judgment should be granted.

    As the affirmative defense of "setoff" under 11 U.S.C. § 548 and CAL CIV. CODE § 3439.08(a) was not available to Defendants, issues (1), (2), (3), and (5) were properly decided.

///

///

5

1      B.   <u>The Bankruptcy Court did not err in denying</u>

2           <u>Appellants' Motion for Partial Summary Judgment</u>

3           <u>regarding the BID.COM transaction.</u>

4     Appellants were not entitled to Partial Summary

5 Judgment of the Third and Fifth claims for relief

6 because there are issues of material fact as to the

7 value of stock Appellants transferred to Slatkin.

8     Looking at the facts in a light most favorable to

9 Appellee, the 250,000 shares of BID.COM stock may not

10 have been worth $5,120,760.  This figure was based on

11 the closing sale price of BID.COM stock on April 8,

12 1999, when the stock certificate was allegedly sent to

13 Slatkin's broker.  However, Appellee shows that Slatkin

14 did not receive the stock on April 8, 1999.  The stock

15 was sent on April 8th via overnight delivery, thus, it

16 could not have been in the hands of the broker on April

17 8th.  Furthermore, Appellee introduced evidence that on

18 May 6, 1999 "Highlands" deposited the 250,000 shares of

19 BID.COM stock into a securities brokerage account in

20 Slatkin's name.  Thus, there is an issue of material

21 fact as to the exact monetary value of the BID.COM

22 stock.

23     Moreover, there is evidence that Appellants may

24 have only owned a portion of the 250,000 share value.

25 Slatkin testified that Appellants would split some of

26 the stock proceeds with Slatkin and Ronald Rakow.

27 Furthermore, Appellant Robert Rakow sent a fax to

28 Slatkin stating that the $4.2 million in BID.COM

1  proceeds should be divided amongst Appellants, Slatkin,
2  and "other valuable associates."

3      Thus, evidence that the proceeds of the BID.COM
4  investment may not have been intended to be distributed
5  in whole to Appellants, plus evidence regarding the
6  exact date of transfer, raise enough of a question of
7  material fact to defeat a Partial Summary Judgment
8  Motion on the issue.  Accordingly, the Bankruptcy Court
9  did not err in denying the Partial Summary Judgment
10  Motion and issue (4) was properly decided.

11

12  **IV. CONCLUSION**

13      The Bankruptcy Court properly found that the
14  affirmative defense of "setoff" under 11 U.S.C. § 548
15  and CAL. CIV. CODE § 3439.08(a) was not available to
16  Defendants.  Accordingly, the United States Bankruptcy
17  Court's April 25, 2008 granting of Summary Judgment for
18  Appellee in the amount of $3,350,000 plus pre- and
19  post- judgment interest is **AFFIRMED.**

20      Appellee raised a question of material fact to
21  defeat Appellants' Partial Summary Judgment Motion.
22  There are issues of material fact as to the value of
23  the BID.COM stock in question, given conflicting
24  evidence of the exact date of transfer and questions as
25  to whether proceeds were intended to be distributed in
26  whole to Appellants.  Thus, the Bankruptcy Court did
27  not err in denying the Partial Summary Judgment Motion.
28  Accordingly, the United States Bankruptcy Court's

1    January 22, 2007, denial of Appellants' Motion for
2    Partial Summary Judgment is **AFFIRMED.**
3
4    **IT IS SO ORDERED.**
5
6    DATED: December 14,2009
7
8                                RONALD S.W. LEW
                    _____
9                    **HONORABLE RONALD S.W. LEW**
                    Senior, U.S. District Court Judge

8

# NOTICE PARTY SERVICE LIST

**Case No.** _____  **Case Title** _____

**Title of Document** _____

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (include suite or floor):


*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____